The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on two questions concerning the certification of nomination of an independent candidate for state representative. Specifically, your two questions are as follows:
 1. What are the qualifications an independent candidate for State Representative must possess at the time of filing his petition for office?
 2. If it becomes apparent, after the petitioner's signatures have been verified and found to be adequate, that the candidate fails to possess one or more of the necessary qualifications, should the Secretary of State's office refuse to certify the candidate's name to the County Election Commission?
It is my understanding that your first question involves the qualifications regarding the residence of an independent candidate for state representative. A lengthy review of other qualifications such as age, conviction of crimes, etc., will therefore not be undertaken herein in response to your question.
The residence requirements for candidates for state representative and senator are set out at Arkansas Constitution, art. 5, § 5 as follows:
 No person shall be a Senator or Representative who, at the time of his election, is not a citizen of the United States, nor any one who has not been for two years next preceding his election a resident of the State, and for one year next preceding his election a resident of the county or district[1] whence he may be chosen.
Your first question inquires as to what the residence qualifications for such a candidate are "at the time of filing his petition for office." As can be seen from the constitutional provision above, the residence qualifications must be met "at the time of . . . election." This office has opined that this phrase refers to the general election. See Op. Att'y Gen. 91-206. This constitutional provision specifically referring to state senators and representatives may thus, in case of a conflict, control over the requirement of A.C.A. § 7-5-207(b) that the eligibility of candidates be met at the time of filing.
In response to your first question, therefore, an independent candidate for state representative must meet the residence requirements of art. 5, § 5 by the time of the general election.
In response to your second question, it is my opinion that the Secretary of State has no discretion to refuse to certify the name of an independent candidate whose petition is found sufficient. Section 7-5-203 of the Arkansas Code provides in pertinent part that:
 Not less than forty-five (45) days before each election, the Secretary of State shall certify to all county boards of election commissioners full lists of all candidates to be voted for in their counties respectively, as the nominations have been certified to him. [Emphasis added.]
Nominations of independent candidates are certified by petition of electors as provided for in A.C.A. § 7-7-103. See A.C.A. §7-7-401(e). If the petition is sufficient, that is, if the candidate has been "certified" to the Secretary of State by petition, the Secretary of State is bound by A.C.A. § 7-5-203 to certify the candidate's name to the county board of election commissioners. The statute affords him no discretion in this regard. Cf. generally State v. Craighead County Board ofElection Commissioners, 300 Ark. 405, 779 S.W.2d 169 (1989);Ridgeway v. Catlett, 238 Ark. 323, 379 S.W.2d 277 (1964);Carroll V. Schneider, 211 Ark. 538, 201 S.W. 221 (1947); and Irby v. Barrett, 204 Ark. 682, 163 S.W.2d 512
(1942).
It is therefore my opinion that the answer to your second question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Because candidates for state representative are now elected by district and not by county, it is my opinion that art. 5, § 5 requires residence of such candidates in the district in question for one year next preceding the election. See Arkansas Constitution, art. 5, § 2; Arkansas Constitution, art. 8; Yanceyv. Faubus, 238 F. Supp. 290 (E.D. Ark. 1965), and Wells v.White, 274 Ark. 197, 623 S.W.2d 187 (1981), cert. denied,456 U.S. 906 (1982). Arkansas Constitution, art. 19, § 4 would appear to mandate this result as well.